KIBBE (HUNTER v.). See Case No. 6,907.

## Case No. 7,754.

### KIBBE v. THOMPSON et al.

[5 Biss. 226.][1]

Circuit Court, N. D. Illinois. Feb., 1873.

DEFECTIVE DESCRIPTION—DECREE OF FORECLOSURE —ENTRY ON CONDITION BROKEN— LAPSE OF TIME.

1. Where a decree of foreclosure does not in terms describe the land, but simply refers to it, and the defendant in ejectment derives title under the decree, it is for the jury to decide wheth-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

er the land in controversy was that covered by the decree.

2. Indicia stated by which a decree may be identified as referring to a certain mortgage.

3. Decree of foreclosure is a judicial finding of default in payment, and the mortgagee has thenceforth the right of entry for condition broken.

4. The equity of redemption of infant heirs under this decree was barred in one year after they became of age.

5. The grantees of the heirs of the mortgagee have the same right as the mortgagee to enter the mortgaged premises for condition broken.

6. Lapse of time does not raise the presumption of payment if proceedings have been taken to foreclose the mortgage, or if the mortgagor and his heirs have never resided within the state.

Ejectment [by George A. Kibbe against Alfred Thompson and Joseph H. Dana] for the recovery of the northwest quarter of section 11, township 14, north of range 8, east of 3d P. M., situated in Bureau county, in this district.

William C. Goudy and R. K. Turner, for plaintiff.

George O. Ide and T. G. Frost, for defendants.

The fact that the mortgaged lands are not specially described in the decree does not affect the jurisdiction, if the lands can be identified by extrinsic evidence. Zimmerman v. Zimmerman, 15 Ill. 84; Bellingall v. Duncan, 3 Gilman, 477–481. The jurisdictional facts as to who were the parties and what the subject matter was, may appear from different parts of the record, and in any part. Galena & C. U. R. Co. v. Pound, 22 Ill. 399, 415; Shute v. Chicago & M. R. R. Co., 26 Ill. 436. At law in Illinois, the mortgagee is the owner of the fee and can bring ejectment, or if in possession defend under the mortgage as a muniment of title. Carroll v. Ballance, 26 Ill. 9, 17. The legal title of the mortgagee at his death descends to his heirs, and they or their grantee can defend or sue under the mortgage. Brown v. Mace, 7 Blackf. 2. The limitation laws of Illinois of 1827 do not bar the mortgagee's right of entry, when neither the mortgagor nor his heirs ever resided in the state. Chenot v. Lefevre, 3 Gilman, 637; Vanlandingham v. Huston, 4 Gilman, 125, 128. No presumption of payment of the debt from the lapse of twenty years arises, where neither the mortgagor nor any one claiming under him has been in possession, and the land has been vacant and unoccupied. Moreau v. Detchemendy, 18 Mo. 522; Chouteau v. Burlando, 20 Mo. 482; Brobst v. Brock, 10 Wall. [77 U. S.] 519, 534. Even though the mortgage may have been paid, the defense can be arrested only in equity and not in ejectment. Brobst v. Brock, Id. 519.

BLODGETT, District Judge. The plaintiff claims to derive title from the United States by the following chain of conveyances. First: A patent from the United States to David Leighton, dated August 5, 1818, conveying the land in question to the said Leighton for his service as a soldier in the war of 1812. Second: A deed from Leighton to John B. Abbott, dated September 20th, 1818, conveying the land in question to Abbott. Third: A power of attorney from John B. Abbott and others to Abraham Beck, of St. Louis, Missouri, authorizing him to sell and convey any land which he (Abbott) had in the state of Illinois; a warranty deed from John B. Abbott, by Beck, as his attorney in fact, to William M. O'Hara, dated September 12, 1820, conveying the land in question, and recorded in Pike county, in this state, May 9th, 1821. Fourth: A deed from Abraham Harrel and Helen O'Hara Harrel his wife, to the plaintiff, dated May 2d, 1868, conveying all lands in the state of Illinois in which Mrs. Harrel had any title or interest. Fifth: The plaintiff also puts in evidence a deposition made in this case by Mrs. Helen O'Hara Harrel, in which she testifies that she is the sole child and heir-at-law of William M. O'Hara, formerly of St. Louis, and who is the grantee in the deed of September 12th, 1820, from Abbott.

It is admitted by the defendants that this chain of conveyance makes a prima facie case for the plaintiff; and that the plaintiff will be entitled to a verdict at your hands unless the title set up by the defendants shall be held to be the paramount and better legal title as against the plaintiff's claim.

The title thus set up by the defendants consists of a mortgage bearing date April 13th, 1821, given by William M. O'Hara and Susan his wife to John P. Cabanne, of St. Louis, Missouri, of sixteen quarter sections of land in the military tract of Illinois, among which is the land in question, to secure the payment of three promissory notes for $1,697.78 each, dated on the 9th day of September, 1820, and payable in seven, ten, and twelve months after date. And also a decree by which it is claimed that the equity of redemption of the said mortgagor was foreclosed, entered in the circuit court of Pike county in this state at the October term of said court for the year 1822. Second: A deed from the heirs at law of John P. Cabanne to John P. Sarpey, dated January 28th, 1854, conveying the land in question, with other property. Third: A deed from John P. Sarpey to Lucien D. Cabanne, dated March 19th, 1855, conveying the same land. Fourth: A deed from Lucien D. Cabanne to the defendants, dated April 18th, 1856, conveying to them respectively to one the east half, and the other the west half, of the quarter section in question.

The defendants also put in evidence a tax deed by the sheriff of Bureau county to the defendant Thompson, dated February 9th, 1850, for the whole quarter, and a deed from Thompson to Dana of the half of this land claimed by Dana. It is admitted that the defendants took possession of the land in

question some time in 1857 under the tax deed, and have continued in actual possession ever since, and that since they have so been in possession they have paid the taxes on said land and have claimed title under said tax deed; and since the deed from Lucien D. Cabanne they also claim title under the Cabanne deed.

As explanatory and auxiliary to this mortgage and decree, the defendants also offer in evidence another mortgage, dated September, 1820, from William M. O'Hara and Susan his wife of St. Louis, Missouri, to John P. Cabanne, to secure three notes of the same amount, made by O'Hara and Collett, the makers of the notes described in the other mortgage, upon fifty quarter sections of land in the state of Illinois, between the Illinois and Mississippi rivers; and also certain orders made by the Pike county circuit court at the April and October terms, 1822, and April term, 1823, in the said foreclosure suit and other suits pending in that court.

The object of this testimony was twofold: First: To show that the Pike county circuit court had jurisdiction of the persons of the defendants in said suit; and, second: To identify the tract of land in question as part of the property affected by said decree.

The first question, that of jurisdiction, was one of law for the court; and as I have already told you, I am satisfied that the record of the proceedings of said court, when all taken together, showed jurisdiction in that court to enter said decree, and that the same is binding upon the children and heirs-at-law of William M. O'Hara, who was then deceased.

The several questions as to how far the evidence adduced identifies the land in question with the said judicial proceedings, is one of fact to be determined by the jury; that is to say, does it appear as a matter of fact that the decree of foreclosure in the case of Cabanne v. O'Hara [unreported], entered at the October term, 1822, of said Pike county circuit court, included and was intended to apply to the land now in controversy? Or, in other words, were those two mortgages the subject matter of that decree? If they were, then the land in controversy was included in the decree, because one of the mortgages (that of April 13th, 1821) specifically describes and covers this land. The decree does not in terms describe the land; but there is a well-known rule of evidence often invoked and applied in construing deeds and judicial proceedings, that that is certain and definite which refers to matter by which it can be made certain and definite. It must be obvious to you that unless the land to be affected by the decree is described fully and clearly in the decree itself, or unless the decree makes reference to something outside of itself, by reference to which we can ascertain what land is meant, the decree must be held void for indefiniteness.

It will be important for me to call your attention to some of the indicia by which it is claimed by the defendants that the connection between this decree and the mortgage of 1821, which covers the land in question, is made out. First: The foreclosure is of two mortgages covering sixty-six quarter sections of land. The two mortgages were given by O'Hara and wife to Cabanne, and were upon an aggregate of sixty-six quarter sections; one being of sixteen quarter sections and the other of fifty quarter sections. Second: The amount found due by the said decree on the said two mortgages is nearly the amount which would have been due on the two mortgages offered in evidence; that is, if they were both given to secure the same debt. Third: The said William M. O'Hara's wife's name was Susan, and this suit is against Susan O'Hara, widow of William M. O'Hara, deceased, as well as the children and heirs-at-law of the said William M. O'Hara. The proof by both parties shows that the said William M. O'Hara was dead at the time these proceedings were taken in this suit. Fourth: That there were infant defendants, and the said O'Hara had children who were then infants and would have been necessary parties defendant to the said suit to foreclose this mortgage. Fifth: That the said suit was against the widow and heirs-at-law of William M. O'Hara, and all the defendants were non-residents; which corresponds with the condition of the O'Hara widow and heirs at this time.

If, then, from these indicia which I have suggested, and any others which may occur to your own minds from the evidence, you are satisfied that the land in question was one of the sixty-six quarter sections described in the said decree, then I instruct you:

First: That the said decree is a judicial finding that default had been made in the payment of the indebtedness secured by said mortgage of April 13th, 1821, and Cabanne and his heirs had thenceforth the right to enter on the premises for condition broken against the heirs of O'Hara and those claiming under them.

Second: That the equity of redemption of the O'Hara heirs was cut off and foreclosed by said decree, unless they showed cause against said decree within one year after they severally arrived at the age of twenty-one years, which time has elapsed, and there is no evidence that they offered to show such cause, and their equity of redemption being thus cut off, said O'Hara heirs, or the plaintiff, who is the grantee of said heirs, has no legal title in said land, and at most has only an equitable right to redeem through a court of chancery.

Third: I further instruct you that after the breach of the condition of said mortgage, by failure to pay the indebtedness secured, the legal title to said land, together with the right of the possession thereof, thereby, vested in the said Cabanne, and he, or his heirs, had the right to enter into such possession

of the mortgaged premises, and that the same right inures to the grantees of the heirs of the said Cabanne; and that the deeds introduced in evidence by the defendants, from the Cabanne heirs to Sarpey, and from Sarpey to Lucien D. Cabanne, and from Lucien D. Cabanne to the defendants, show a legal title under said mortgage in the defendants paramount to the title adduced by the plaintiff.

It is objected on the part of the plaintiff, that from the lapse of time it must be presumed that this mortgage has been paid; and that the defendants can therefore assert no right to possession under it. That might be true perhaps, if no proceedings had been taken to foreclose the mortgage; but upon the view which I have taken in regard to the validity of the record of foreclosure, I think that Cabanne and his heirs or their grantees cannot be presumed to have received payment of this debt; but that the affirmative of that fact must be established by the plaintiff if he would defeat the decree entered.

I further instruct you upon this point that such presumption does not arise in this case if you shall be satisfied from the evidence that said William M. O'Hara and his heirs had never resided in the state of Illinois so as to become bound by the limitation laws of this state.

The jury brought in a verdict of not guilty.

[NOTE. The case of Kibbe v. Dunn, Case No. 7,753, also decided for the defendant, involved almost identically the same questions as this case. In neither case does the court consider directly the effect of the statute of limitations. Upon appeal of Kibbe v. Dunn, the supreme court decided that the complainants are barred by the statute of limitations, but did not consider the questions considered by the court in these two cases. See note to Case No. 7,753.]